UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **BARBARA BLAKE,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:25-cv-02747-TLP-tmp |
| **FEDERAL EXPRESS CORPORATION,** ) | |
| **d/b/a FEDEX EXPRESS and** ) | |
| **FEDEX FREIGHT** ) | **JURY DEMAND** |
| ) | |
| DEFENDANT. ) | |
| ) | |

**PARTIES' REPORT**

Pursuant to the Court's Notice of Setting (ECF No. 13) and the accompany instructions, the Parties submit the following report on their discovery plan.

1.  **Counsel:** The following persons participated in a discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure by Microsoft Teams: Steve Wilson, counsel for Plaintiff, and Kristen Hock Prex, counsel for Defendant on September 4, 2025.

2.  **Initial Disclosures**: The parties will make their initial disclosures on or before October 10, 2025.

3.  **Discovery Plan**:

a.  Discovery will be needed on these subjects: all claims and defenses.

b.  All requests for production of documents, interrogatories, and requests for admissions will be served no later than April 14, 2026 (45 days prior to the discovery deadline).

1

c. The maximum number of interrogatories will be governed by Rule 33(a). Deadlines for responses to interrogatories will be governed by Rule 33(b)(2).

d. Deadlines for responses to requests for admission will be governed by Rule 36(a)(3).

e. Depositions will be completed no later than May 29, 2026.

f. The maximum number of depositions by each party will be governed by Rule 30(a)(2) and is 10 without further leave by the Court.

g. The duration of depositions will be governed by Rule 30(d)(1).

h. The party with the burden of proof shall serve expert disclosures pursuant to Rule 26(a)(2) no later than March 27, 2026. The opposing party's Rule 26(a)(2) expert disclosures will be served no later than April 24, 2026.

i. Motions to Exclude Experts under F.R.E. 702/<u>Daubert</u> Motions shall be filed on or before June 29, 2026.

j. Supplementation under Rule 26(e)(2) shall be on or before May 29, 2026.

4. **Other items**:

a. Any motions to amend pleadings or join parties shall be filed by either party no later than November 28, 2025.

b. Motions to Dismiss shall be filed on or before December 26, 2025.

c. Dispositive motions shall be filed on or before June 29, 2026.

d. The parties will engage in alternative dispute resolution on or before December 26, 2025.

e. The parties shall have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    f.     To address the costs and delay associated with electronic discovery, to avoid discovery disputes, and to address the issues of privilege or of protection as trial-preparation materials after production of computer-generated records, the following procedures shall apply:

        i.     The parties may submit all discovery responses in electronic format.

        ii.     The parties agree that discovery of electronically stored information ("ESI") shall be limited. All such e-discovery shall be produced in searchable electronic format (.pdf), unless specifically requested in a native format.

        iii.     The parties agree that beginning in discovery: (a) upon notification or discovery of an inadvertently produced privileged document, the opposing party should be notified; (b) all copies of the inadvertently produced document should be immediately returned to the producing party or immediately destroyed; (c) any copies of the inadvertently produced privileged document provided to third parties, contained in the discovery record or filed with the Court, should be retrieved and, again, immediately returned to the producing party or destroyed to the extent possible; and (d) to the extent the receiving party is challenging the assertion of privilege, the receiving party may retain one copy of the inadvertently produced record until the issue of privilege can be timely addressed by the Court, and during such time, the inadvertently produced documents shall not be used for any purpose other than challenging the privilege assertion.

        iv.     The parties agree that the inadvertent production of ESI shall not constitute

    a waiver of privilege.

 v. The parties agree that to the extent ESI is discoverable and as limited herein, the production of ESI shall be limited to searchable PDF format unless requested in a native electronic format.

g. The parties have not consented to trial by the magistrate judge.

h. The trial is expected to last 4-5 days.

    Respectfully Submitted,


    /s/ John W. Simmons
    John W. Simmons (Tenn. Bar No. 012248)
    Simmons Law Firm, PLLC
    8295 Tournament Drive Ste. 150
    Memphis, TN 38125
    Telephone: 901-496-8415
    Email: jwadesimm850@outlook.com

    */s/Steve Wilson*
    Steve Wilson (Tenn. Bar. No. 28460)
    5100 Poplar Ave., Ste. 2700
    Memphis, TN 38137
    Telephone: 901-337-1300
    Email: steve@stevewilsonfirm.com

    *Counsel for Plaintiff*


    *s/Karen Vaughan McManus*
    Karen Vaughan McManus (Tenn. Bar. No. 023426)
    FEDERAL EXPRESS CORPORATION
    Building B, Third Floor
    3620 Hacks Cross Road
    Memphis, Tennessee 38125
    Telephone: (901) 434-8549
    Email: kvmcmanus@fedex.com

*s/Kristen Hock Prex*
Kristen Hock Prex
1000 FedEx Drive,
Moon Township, PA 15108
Telephone: 878-600-8826

Email: kristen.prex@fedex.com


*Counsel for Defendant*
*Federal Express Corporation*