# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| BARBARA BLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:25-cv-02747-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| FEDERAL EXPRESS CORPORATION, ) | |
| d/b/a FedEx Freight, d/b/a FedEx Express, ) | |
| ) | |
| Defendant. ) | |

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, a Scheduling Conference was held by Microsoft Teams on September 26, 2025. Present were John W. Simmons and Steven George Wilson, counsel for Plaintiff, and Kristen Hock Prex, counsel for Defendant. At the Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** October 10, 2025

**MOTIONS TO JOIN PARTIES**: November 28, 2025

**MOTIONS TO AMEND PLEADINGS**: November 28, 2025

**MOTIONS TO DISMISS**: December 26, 2025

**ALTERNATIVE DISPUTE RESOLUTION**:

    **(a)**   **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a)**: December 26, 2025

          Mediator must file Mediation Certification Form:
          https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

        **MEDIATOR'S NAME**:  Stephen L. Shields

**COMPLETING ALL DISCOVERY**:  May 29, 2026

    **(a)**    **WRITTEN DISCOVERY**[1]:  May 29, 2026

    **(b)**    **DEPOSITIONS**:  May 29, 2026

    **(c)**    **EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

        **(1)**    **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION**:  March 27, 2026

        **(2)**    **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION**:  April 24, 2026

        **(3)**    **EXPERT WITNESS DEPOSITIONS**:  May 29, 2026

**F.R.E. 702/*DAUBERT* MOTIONS TO EXCLUDE EXPERTS**:  June 29, 2026

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  May 29, 2026

**FILING DISPOSITIVE MOTIONS**:  June 29, 2026

**FILING MOTIONS IN LIMINE**:  September 4, 2026, by close of business

**JOINT PROPOSED PRETRIAL ORDER DUE:**  September 4, 2026, by close of business
(E-Mail Joint Proposed Pretrial Order in Word format to:
ECF_Judge_Parker@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE**:  September 11, 2026, at 11:30 a.m.

**JURY TRIAL**:  September 28, 2026, at 9:00 a.m.  Trial is anticipated to last approximately 4 days.

    The parties have not indicated whether they consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

    **Any party who files a document on the docket under seal must, within 7 days, file a notice addressing the need for that document to remain under seal considering the law**

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

**about the public's right of access to the Court.**

As required by Local Rule 26.1(e), the Parties have conferred as to whether they will seek discovery of electronically stored information. Disclosure or discovery of electronically stored information should be handled as follows: The parties have preliminarily agreed to identify the documents sought and then to produce same either in paper form or on disc, whichever is more efficient. After initial production is complete, a party may obtain production of electronically stored information in its native format by establishing good cause for such production. If either party's request or response format poses a financial hardship and/or raises an issue of burdensome time and/or resources to respond, the parties will jointly request a conference with the Magistrate to attempt to resolve such disputes within two (2) weeks of the request being raised if the parties are unable to resolve same through a discovery conference amongst themselves.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

The parties are ordered to engage in ADR before the close of discovery. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. And under LR 16.3(d), within seven (7) days after the mediator submits the Mediation Certification, the parties shall file a notice confirming that ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

**Pursuant to Federal Rule of Civil Procedure 16(b)(4), the scheduling order may only be modified for good cause and with this Court's consent. Good cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence. Potential prejudice to the nonmoving party is also evaluated when considering a**

**motion to extend deadlines.**

*This order has been entered after consultation with the parties.*

**SO ORDERED**, this 26th day of September, 2025.

                                                 s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE