**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA BLAKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-02747-BCL-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| **d/b/a FEDEX EXPRESS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AGREED PROTECTIVE ORDER**

**I.      INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby

stipulate to the following provisions of this stipulated Protective Order.

**II.      SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, the parties may be required to produce information

that constitutes, in whole or in part, protected information consisting of documents of  non-party

discipline, non-party counseling documents (hereinafter referenced as "OLCC's) and non-party

performance evaluations (hereinafter collectively "Protected Information").

**III.      DESIGNATION OF PROTECTED INFORMATION**

A.      <u>Scope:</u>  This Order governs the production and handling of any Protected

Information in this action.  Any party or non-party who hereafter produces Protected Information

in this action may designate it as "Confidential" consistent with the terms of this Order. These

protections do not apply to anything thus far produced in this action.

"Designating Party" means the party who so designates the Protected Information; "Receiving Party" means the party to whom such Protected Information was produced or disclosed.  Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the Protected Information and refrain from designating entire documents.

Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of any such Protected Information outside of this action.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party pursuant to the terms of this Order and W.D. Tenn. L.R. 7.2(a)(1)(B).

## IV.    CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to W.D. Tenn. L.R. 7.2(a)(1)(B).  At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated Protected Information will remain protected under this Order.  The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation as Protected Information is proper or an admission that the designated information is otherwise competent, relevant, or material.

## V.    LIMITED USE AND PUBLIC FILING OF PROTECTED INFORMATION

A.    <u>Restricted Use:</u>  Protected Information may be used only for discovery, motions, pretrial proceedings, the preparation, trial, and any appeal of this action, as well as related

settlement negotiations. However, this is no basis for restricting the practice of attorneys for Plaintiff, and they are not limited in representing other persons besides the Plaintiff even though they have access to Protected Information covered by this Protective Order and have knowledge of such Protected Information based on the representation of Plaintiff. In other words, this Protective Order does not restrict Plaintiff's counsel as lawyers in the representation of others.

The limitations on use of the documents designated as Protected Information relates to the public filing of these documents, and the Parties agree that they will not file non-party discipline, non-party OLCC's and non-party performance evaluation documents in the record without first consulting with the Defendant and either getting agreement that public filing is acceptable or addressing confidentiality concerns by using something such as generic references (Person A, Person B etc.) or otherwise addressing this with the Court.

Otherwise, there are no more restrictions on Plaintiff's use of any documents or information designated as Protected Information in this action, including asking Plaintiff and other witnesses about them or showing such documents to Plaintiff and other witnesses.

 s/ Tu M. Pham
TU M. PHAM
CHEIF UNITED STATES MAGISTRATE JUDGE

Date: March 24, 2026

STIPULATED TO AND APPROVED AS
TO FORM

 /s/ John W. Simmons
John W. Simmons (Tenn. Bar No. 012248)
SIMMONS LAW FIRM, PLLC

3

8295 Tournament Drive, Suite 150
Memphis, Tennessee 38125
(901) 496-8415
Jwadesimm850@outlook.com

and

Steven George Wilson (Tenn. Bar No. 28460)
THE STEVE WILSON FIRM
Clark Tower, Suite 2700
5100 Poplar Avenue
Memphis, Tennessee 38137
(901) 337-1300
stevewilsonlaw@gmail.com

*Counsel for Plaintiff*

/s/ Karen Vaughan McManus by permission JWS
Karen Vaughan McManus (Tenn. Bar No. 023426)
FEDERAL EXPRESS CORPORATION
Building B, Third Floor
3620 Hacks Cross Road
Memphis, Tennessee 38125
(901) 434-8549
kvmcmanus@fedex.com

*Counsel for Defendant*