**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**BARBARA BLAKE**,

*Plaintiff*,

v. Case No. 2:25-cv-02747-BCL-tmp

**FEDERAL EXPRESS CORPORATION**
**FEDEX FREIGHT,**

*Defendants*.

---

**ORDER GRANTING IN PART AND**
**DENYING IN PART MOTION TO UNSEAL**

---

Before the Court is Plaintiff's Motion to Unseal Documents, which seeks to unseal seven separate documents: Exhibits 9-10, 16-17, 37, 51, and 65 to Plaintiff's response to Defendant's motion for summary judgment. Doc. 53. Defendant agrees that Exhibits 51 and 65 may be unsealed. Doc. 56. Therefore, this Motion is **GRANTED** as to the unsealing of Exhibits 51 and 65.

The remaining disagreement concerns Exhibits 9, 10, 16, 17, and 37, which consist of internal disciplinary and personnel records of non-party employees (including internal coaching and other documents likely to reflect negatively on the employees) who, Defendant claims, "are not legally valid comparators." Doc. 56 at 1. As Defendant notes, the current seal has no impact on the adjudicative process, and Plaintiff agreed to a protective order under which these documents are deemed confidential and protected from public dissemination (and Plaintiff has offered no argument that the documents are not covered by the Agreed Protective Order).

The questions here are whether the privacy interests of these third-party employees is a "compelling reason" that outweighs the strong presumption of public access to judicial records and, if so, whether the restriction is narrowly tailored. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). As *Shane Group* recognizes, the privacy interests of non-parties, who did not put themselves or their records into the public eye, can be compelling—and they are particularly compelling here, where the records in question could damage the non-parties' careers. Moreover, the public interest in knowing the employees' identities is slight, both in general (because the identities are really beside the point on the merits of a discrimination claim) and particularly now (when it has not even been determined whether these employees are legally valid comparators whose records have legal relevance to the case[1]). A party ought not be able to shove a non-party into the public eye based on the mere filing of information, without regard to whether it has relevance to a viable legal theory. With a slight public interest and a strong countervailing interest, sealing is in order.

Still, blanket sealing is overbroad, as the countervailing interest to public access is not in the records themselves, but the fact that it would reflect negatively on the identified employees. This interest can be served through redaction of all personally identifying information. And Plaintiff has not shown that such redaction is pointless: While Plaintiff may have chosen to make allegations identifying specific employees by name, redaction of employee identities will help, albeit imperfectly, guard against association of particular accusations or deficiencies with specific employees while also avoiding lending heft to those accusations or deficiencies through official company records tied to the involved employees.

Therefore, it is **ORDERED** that:

[1] The Court will resolve that issue in a merits ruling, not in an order resolving a motion to seal.

- Exhibits 51 and 65 **SHALL** be unsealed; and
- For the remaining documents, all personally identifying information—including names, employee identification numbers, and specific department locations—**SHALL** be redacted before any public filing. The Parties **SHALL** consult on such redactions before filing. The Parties **SHALL** file unredacted versions under seal. The Court strongly expects the Parties will come to agreement on any redactions, but it will adjudicate any disputes that remain after consultation between the Parties. The redacted documents **SHALL** be filed by October 2, 2026.

**IT IS SO ORDERED**, this 29th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE